**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| JACQUELINE GANGLOFF and<br>ROBERT GANGLOFF, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| NATIONWIDE CREDIT, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1.      Plaintiffs Jacqueline Gangloff and Robert Gangloff bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Nationwide Credit, Inc.  Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and Illinois common law.

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      The ICAA reflects a determination that "[t]he practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

1

## VENUE AND JURISDICTION

4.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §§1331, 1337 and 1367.

5.      Venue and personal jurisdiction in this District are proper because:

a.      Defendant's collection communications were received by plaintiffs within this District;

b.      Defendant transacts business within this District.

## PARTIES

6.      Plaintiffs Jacqueline Gangloff and Robert Gangloff are husband and wife and reside in the Northern District of Illinois.

7.      Defendant Nationwide Credit, Inc. is a corporation with offices at 2002 Summit Blvd., Suite 600, Atlanta, GA 30319.

8.      Nationwide Credit, Inc. is engaged in the business of a collection agency, using mailings and telephone calls to collect consumer debts originally owed to others.

9.      Nationwide Credit, Inc. is a debt collector as defined in the FDCPA.

10.     Nationwide Credit, Inc. is a collection agency as defined in the ICAA.

## FACTS

11.     Defendant is attempting to collect  a credit card debt allegedly incurred by Robert Gangloff with Capital One for personal, family or household purposes and not for business purposes.

12.     During the year prior to the filing of this action, defendant has placed numerous calls to plaintiffs in an attempt to collect the debt.

13.     On November 14, 2011, defendant received a letter from plaintiffs' counsel directing defendant to cease calling plaintiffs and informing defendant that plaintiffs were represented.  A copy of the letter and the USPS tracking form are attached as Exhibit A.

14.     On November 15, 2011, defendant again called plaintiffs and was

2

informed that plaintiffs were represented by counsel.

15.     On November 15, 2011, plaintiffs' counsel spoke with a representative of defendant.

16.     On November 14-22, 2011, defendant placed multiple calls to plaintiffs, at least ten in number, knowing that plaintiffs were represented by counsel and did not wish to be contacted by defendant.

17.     Defendant's conduct aggravated and harassed plaintiffs.

18.     Defendant has repeatedly engaged in similar harassing conduct, as set forth in Exhibits B-D.

## COUNT I – FDCPA

19.     Plaintiff incorporates paragraphs 1-17.

20.     Defendant violated 15 U.S.C. §1692c by contacting a represented party directly and by refusing to cease contacting plaintiffs upon being requested in writing to do so.

21.     Defendant violated 15 U.S.C. §1692d by placing multiple calls to plaintiffs for the purpose and with the effect of harassing them.

22.     Section 1692c provides:

> **§ 1692c.     Communication in connection with debt collection [Section 805 of P.L.]**
>
> **(a) Communication with the consumer generally--Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt– . . . .**
>
> > **(2)     if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**
>
> **(c) Ceasing communication--If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the**

3

**debt collector shall not communicate further with the consumer with respect to such debt, except--**

> **(1)      to advise the consumer that the debt collector's further efforts are being terminated;**
>
> **(2)      to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**
>
> **(3)      where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.**

**If such notice from the consumer is made by mail, notification shall be complete upon receipt. . . .**

23.      Section 1692d provides:

**§ 1692d.      Harassment or abuse [Section 806 of P.L.]**

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. . .**

WHEREFORE, the Court should enter judgment in favor of plaintiffs and against

defendant for:

> (1)      Statutory and actual damages;
>
> (2)       Attorney's fees, litigation expenses and costs of suit;
>
> (3)       Such other and further relief as the Court deems proper.

## COUNT II  – ILLINOIS COLLECTION AGENCY ACT

24.      Plaintiffs incorporate paragraphs 1-17.

25.      Defendant is a "collection agency" as defined in the Illinois Collection

Agency Act, 225 ILCS 425/1 et seq.

26.      Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (15) Communicating with the debtor or any member of the debtor's**

4

family at such a time of day or night and with such frequency as to constitute harassment of the debtor or any member of the debtor's family. For purposes of this Section the following conduct shall constitute harassment: . . .

    **(D)** Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

. . . **(30)** Communicating or threatening to communicate with a debtor when the debt collector is informed in writing by an attorney that the attorney represents the debtor concerning the claim, unless authorized by the attorney. If the attorney fails to respond within a reasonable period of time, the collector may communicate with the debtor. The collector may communicate with the debtor when the attorney gives his consent. . . .

27.    Defendant violated the following provisions of 225 ILCS 425/9.2:

225 ILCS 425/9.2.  (Effective January 1, 2008) Communication in connection with debt collection

  Sec. 9.2. (a) Without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent jurisdiction, a debt collector or collection agency may not communicate with a debtor in connection with the collection of any debt in any of the following circumstances: . . .

    **(2)** If the debt collector or collection agency knows the debtor is represented by an attorney with respect to such debt and has knowledge of or can readily ascertain, the attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or collection agency or unless the attorney consents to direct communication with the debtor. . . .

**(c)** If a debtor notifies a debt collector or collection agency in writing that the debtor refuses to pay a debt or that the debtor wishes the debt collector or collection agency to cease further communication with the debtor, the debt collector or collection agency may not communicate further with the debtor with respect to such debt, except to perform any of the following tasks:

    **(1)** Advise the debtor that the debt collector's or collection agency's further efforts are being terminated.

    **(2)** Notify the debtor that the collection agency or creditor may invoke specified remedies that are ordinarily invoked by such collection agency or creditor.

    **(3)** Notify the debtor that the collection agency or creditor intends to invoke a specified remedy.

  If such notice from the debtor is made by mail, notification shall be complete

upon receipt. . . .

28.     A private right of action exists for violation of the ICAA.  *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiffs request that the Court grant the following relief in favor of plaintiffs  and against defendant:

      (1)     Compensatory and punitive damages;

      (2)     Costs.

      (3)     Such other and further relief as is appropriate.

## COUNT III  – INVASION OF PRIVACY

29.     Plaintiffs incorporate paragraphs 1-17.

30.     Defendant violated plaintiffs' right to seclusion by engaging in the conduct set forth above.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs  and against defendant for:

      (1)     Actual damages, including general damages;

      (2)     Punitive damages;

      (3)     Costs of suit;

      (4)     Such other or further relief as the Court deems proper.

## COUNT IV – CONSUMER FRAUD ACT

31.     Plaintiffs incorporates paragraphs 1-17.

32.     Defendant engaged in unfair acts and practices, in violation of  §2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, by engaging in the conduct set forth representing to consumer reporting agencies that plaintiff owed money, when that was not true.

33.     Defendant engaged in such conduct in the course of trade and commerce.

34.     Defendant engaged in such conduct for the purpose of obtaining money from plaintiffs.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

(1)     Actual damages;

(2)     Punitive damages;

(3)     An injunction against further contacts with plaintiffs.

(4)     Attorney's fees, litigation expenses and costs of suit;

(5)     Such other or further relief as the Court deems proper.


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiffs demand trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

7

## VERIFICATION

Jacqueline Gangloff declares under penalty of perjury, as provided by 28 U.S.C. 1746, that the statements in the foregoing complaint are true to the best of her knowledge and belief.

_Jacqueline Gangloff_
Jacqueline Gangloff

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)